# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-1815
Filed June 10, 2026

————————

**In the Interest of J.B., Minor Child,**

**S.B., Mother,**
Petitioner-Appellee,

**S.B., Father,**
Respondent-Appellant.

————————

Appeal from the Iowa District Court for Washington County,
The Honorable Patrick McAvan, Judge.

————————

**AFFIRMED**

————————

Derek E. Johnson, Iowa City, attorney for appellant father.

Eric Schmitt and Katie E. M. Lujan of Washington Law Office LLP,
Washington, attorneys for appellee mother.

Misty White Willis of M. White Law Office, PLLC, Sigourney, guardian ad
litem and attorney for minor child.

————————

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

A father appeals an order terminating his parental rights to a child under Iowa Code chapter 600A (2023). He challenges the evidence showing the grounds for termination. He also contests the finding that termination serves the child's best interest. Because the mother has proved the grounds for terminating the father's parental rights under Iowa Code section 600A.8(9) and termination is in the child's best interest, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

The mother and father began dating in 2013. The mother gave birth to the child in 2015 while the father was in prison. The father moved in with the mother and child when he was released five months later. But the parents' relationship, which the district court described as "unhealthy and violent,"[1] began deteriorating. Their relationship ended with a "messy" breakup in May 2017.

After the breakup, the mother began a new relationship and married. The mother's husband has acted as a father to the child by caring for the child, being involved with the child's schooling and extracurricular activities, and supporting the child emotionally and financially. The child calls the mother's husband "dad."

The father has not seen the child since late 2017. The father claims the mother prevented him from seeing the child, while the mother claims the father only showed interest in the child during holidays and birthdays. When the mother sent the father photos of the child, she received no response. The

---

[1] The mother and one of her witnesses claim the father was physically abusive to the mother, which the father and his mother denied. Two witnesses described the parents' relationship as "toxic."

father explained that he believed the mother was taunting him by sending photos without letting him see the child. When the father responded, it usually resulted in an argument. The father also told the mother to stop messaging him and leave him alone. Although the mother reminded the father that he could obtain an order for custody and visitation to enforce his parental rights, the father never did so.

The father was convicted of third-degree kidnapping and domestic abuse assault by strangulation causing bodily injury in 2025. He is serving a fifteen-year prison sentence with a tentative discharge date in November 2031. The father testified that he is appealing the convictions and that his counselor believes he may be released on parole as early as 2026. Although he could have visits or video calls with the child while in prison, he wants to wait until his appeal is resolved before deciding future visits.

The mother petitioned to terminate the father's parental rights under Iowa Code section 600A.8(3)(b) and (9). After a hearing, the district court found the mother had proved both grounds for termination. Finding that termination would be in the child's best interest, the court granted the petition.

## SCOPE AND STANDARD OF REVIEW

We review private termination proceedings de novo. *See In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020). "Although we are not bound by them, we give weight to the trial court's findings of fact, especially when considering credibility of witnesses." *Id.* (citation omitted).

## DISCUSSION

Termination proceedings under chapter 600A involve a two-step process. *See In re Q.G.*, 911 N.W.2d 761, 770 (Iowa 2018). First, the parent

petitioning to terminate parental rights must prove the statutory ground for termination by clear and convincing evidence. *Id.* If that burden is met, the court then considers the child's best interest. *Id.* The father contests the evidence satisfying both steps, which we address in turn.

## I. Did the mother prove one of the grounds for termination?

The district court found the mother proved two grounds for termination under Iowa Code section 600A.8. "[W]e may affirm so long as one ground is supported by sufficient evidence." *In re L.K.*, No. 25-0935, 2026 WL 892718, at *2 (Iowa Ct. App. Apr. 1, 2026). We focus on section 600A.8(9).

Section 600A.8(9) allows the court to terminate parental rights if clear and convincing evidence shows that "the parent has been imprisoned and it is unlikely that the parent will be released from prison for a period of five or more years." The father concedes that he is serving an indeterminate fifteen-year prison sentence but notes that he has appealed his convictions, suggesting that they will be reversed. He also argues that there is "a very real possibility" that he could be released early on parole.

We agree that the mother has proved the grounds for terminating the father's parental rights under section 600A.8(9). The father's tentative release date was more than five years from the date the court entered the termination order. We rely on the tentative release date rather than speculation about whether the father will be paroled early or succeed in appealing his convictions. *See In re M.J.P.*, No. 15-1279, 2016 WL 4396108, at *1–2 (Iowa Ct. App. Aug. 17, 2016) (approving of the district court's refusal to speculate on when a father will be successful in a bid to be paroled early when the tentative discharge date was more than five years in the future); *In re S.W.*, No. 22-1503, 2023 WL 153517, at *1 (Iowa Ct. App.

Jan. 11, 2023) (affirming termination under section 600A.8(9) based on the father's twenty-six-year prison sentence and declining to speculate on whether father would successfully appeal).

## II.     Does termination serve the child's best interest?

Having found that the mother proved one of the statutory grounds for termination, we next consider whether termination serves the child's best interest. *See* Iowa Code § 600A.1(1) (stating that the child's best interest is "the paramount consideration" in interpreting chapter 600A). It is in the child's best interest for each parent to "affirmatively assume the duties encompassed by the role of being a parent." *Id.* § 600A.1(2). When determining whether a parent has met this responsibility, we consider a parent's "fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life." *Id.*

The record shows the father has not affirmatively assumed his parental duties. Since 2017, the father has not seen the child or provided financial support. His inquiries about the child were few and far between, and the father could not recall when he last asked the mother how the child was doing. The mother asked the father for his address multiple times, but the father never provided it to her. Although the father blames the mother for impeding his relationship with the child, he took no action to secure his rights with a court order despite the mother repeatedly telling him to do so. This is clear when contrasted with the father's relationship with a daughter who the father visits often and provides financial support.

Termination serves the child's best interests. The child does not recall seeing the father and considers the mother's husband to be his "dad." The

mother's husband is active in the child's life and the child made his desire to be adopted by the husband clear to the guardian ad litem. As the guardian ad litem noted in her report to the court, the father says he wants to maintain his parental rights but

> has taken no actions to fulfill his obligations or exercise his rights as a father. It is one thing to say you want to be a father, and another, making that happen. [The father] has had five years to assert his rights and take responsibility. In that period another man has taken on that role, and this is the person . . . that [the child] calls dad. [The child] desires his stepdad to adopt him.

Because the mother has proved the grounds for termination and termination is in the child's best interest, we affirm.

**AFFIRMED.**